| | | | |
|---|---|---|---|
| | AUSA: DePorre | Telephone: | (810) 766-5177 |
| AO 91 (Rev. 11/11) Criminal Complaint | Special Agent: Sutara, ATF | Telephone: | (810) 341-5710 |

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

United States of America
   v.
Deangelo Montel Gillespie,

Case No. 4:20−mj−30521
Assigned To : Unassigned
Filed : 12/15/2020
SEALED MATTER (kcm)

**CRIMINAL COMPLAINT**

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __June 5, 2020 until July 20, 2020__ in the county of __Genesee__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 924(a)(1)(a) | False representations |
| 18 U.S.C. § 1001(a)(2) | Knowingly and willfully made a materially false statement during the course of an ATF investigation |

This criminal complaint is based on these facts:

That on or about June 5, 2020; June 17, 2020; July 2, 2020; July 10, 2020; July 12, 2020; July 13, 2020; and July 20, 2020, Deangelo Montel Gillespie, knowingly made false representations (related to his residence) on ATF Form 4473 when purchasing eighteen firearms on the above dates, in violation of Title 18 U.S.C. § 924(a)(1)(a). That on or about June 5, 2020 and June 17, 2020, Gillespie knowingly made false representations (related to whether he was the actual buyer/transferee of the firearms) on ATF Form 4473 when purchasing three firearms on the above dates, in violation of Title 18 U.S.C. § 924(a)(1)(a). There is probable cause that on December 2, 2020, Gillespie knowingly and willfully made a materially false statement during the course of an ATF investigation in violation of 18 U.S.C. § 1001(a)(2).

☑ Continued on the attached sheet.

*Complainant's signature*

Nathan Sutara, Special Agent, ATF
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: December 15, 2020

*Judge's signature*

City and state: Flint, MI

Curtis Ivy, Jr., U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT

I, Nathan Sutara, being duly sworn, depose and state the following:

## INTRODUCTION AND AGENT BACKGROUND

1. I have been employed as a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) since May 2018. I am currently assigned to the Detroit, Michigan Field Division, Flint Field Office. I am tasked with investigating violations of firearms and narcotics laws. Before working with ATF, I was employed by the Michigan Department of State Police (MSP) for approximately 5 years. I held several positions with MSP, including Detective/Trooper with the Major Case Unit in Saginaw, MI. During this employment, I investigated numerous incidents involving robberies, shootings, and homicides as well as violations of state and federal firearms laws.

2. I make this affidavit based on my participation in this investigation, including witness interviews by myself and/or other law enforcement agents, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all details or all facts of which I am aware relating to this investigation. Based on the facts below, there is probable cause that on June 5, 2020; June 17, 2020; July 2, 2020; July 10, 2020; July 12, 2020; July 13, 2020; and July

1

20, 2020, Deangelo Montel Gillespie (XX-XX-1998) knowingly made false representations (related to his residence) on ATF Form 4473 when purchasing eighteen firearms on the above dates, in violation of Title 18 U.S.C. § 924(a)(1)(a). There is also probable cause that on June 5, 2020 and June 17, 2020, Gillespie knowingly made false representations (related to whether he was the actual buyer/transferee of the firearms) on ATF Form 4473 when purchasing three firearms on the above dates, in violation of Title 18 U.S.C. § 924(a)(1)(a). There is probable cause that on December 2, 2020, Gillespie knowingly and willfully made a materially false statement during the course of an ATF investigation in violation of 18 U.S.C. § 1001(a)(2).

## THE ATF INVESTIGATION

3. ATF is investigating Deangelo Montel Gillespie (XX-XX-1998) for various crimes related to firearms trafficking. ATF records show that on several dates in June and July, 2020, Gillespie purchased approximately 18 firearms. Gillespie completed an ATF Form 4473 with respect to all of the purchases.

4. ATF Form 4473 is required to be completed when a person proposes to purchase a firearm from a Federal Firearms License (FFL) holder, such as a gun dealer. The form contains the purchaser's name, address, date of birth, government-issued photo ID, National Instant Criminal Background Check System (NICS) background check transaction number, and a short affidavit stating that the purchaser

is eligible to purchase firearms under federal law. It also contains the make, model, or serial numbering the firearm. Lying on the form is prohibited under 18 U.S.C. § 924(a)(1)(A).

5.   As part of this form, the transferee/buyer certifies they are purchasing the firearm for him/herself (question 21.a).

6.   The form (question 22) also explains and requires certification the transferee/buyer is aware that "the repetitive purchase of firearms for the purpose of resale for livelihood and profit without a Federal firearms license is a violation of Federal law." I am aware that under 18 U.S.C. § 922(a)(1) it is unlawful for a person to engage in the business of dealing in firearms without a license.

7.   Further, under question 10 of the Form 4473, the transferee/buyer certifies the address of their current residence.

8.   At the conclusion of the form, the transferee/buyer must personally complete and certify (sign and date) that the answers provided are true, correct, and complete.

9. While reviewing the ATF Form 4473 for all of Gillespie's June and July, 2020 firearms purchases, I noted Gillespie purchased the following firearms:

| | Make | Model | Type | Serial Number | Date of Sale and Form 4473 | Registered to Gillespie |
|---|---|---|---|---|---|---|
| 1 | Smith & Wesson | SD9VE | pistol | FZZ7326 | 6/5/2020 | 6/5/2020 |
| 2 | Smith & Wesson | SD9VE | pistol | FBD6014 | 6/5/2020 | 6/5/2020 |
| 3 | Glock | G27 | pistol | BNTE318 | 6/17/2020 | 6/17/2020 |
| 4 | Glock | 19 | pistol | BGPB466 | 7/2/2020 | No |
| 5 | Glock | 48 | pistol | BLGZ316 | 7/2/2020 | No |
| 6 | Glock | 27 | pistol | ACWD762 | 7/2/2020 | No |
| 7 | Taurus | Spectrum | pistol | 1F129204 | 7/2/2020 | No |
| 8 | Ruger | Ruger-57 | pistol | 641-28579 | 7/2/2020 | No |
| 9 | Zaviar Arms | Z-15 | rifle | Z200891 | 7/2/2020 | -- |
| 10 | Zaviar Arms | Z-15 | rifle | Z200878 | 7/2/2020 | -- |
| 11 | Zaviar Arms | Z-15 | rifle | Z200928 | 7/2/2020 | -- |
| 12 | Glock | 20 | pistol | BFWS048 | 7/2/2020 | No |
| 13 | Smith & Wesson | Model 9 Shield | pistol | LFB3550 | 7/10/2020 | No |
| 14 | HK | P30 V1 | pistol | AERD289 | 7/10/2020 | No |
| 15 | Sig Sauer | P320 | pistol | M18-073767 | 7/12/2020 | No |
| 16 | Sig Sauer | Mosquito | pistol | F365985 | 7/12/2020 | No |
| 17 | Glock | 32 | pistol | BNTD992 | 7/13/2020 | No |
| 18 | Smith & Wesson | SD9VE | pistol | FBD5898 | 7/20/2020 | No |

10. As an ATF agent, I have received training related to "red flags" or other indications of firearms trafficking. Based on my training, I know when an individual purchases a high quantity of firearms in a short amount of time, it is an indicator of firearms trafficking.

4

11.     Gillespie also purchased the same make/model of firearms multiple times. For example, on July 2, 2020, he purchased three Zaviar Arms, Model Z15, AR-15 style semi-automatic rifles. Also, he purchased three Smith and Wesson, 9mm caliber, model SD9VE, semi-automatic pistols: two on June 5, 2020 and one on July 20, 2020. Based on my training and experience, I know that the repeat or multiple purchases of the same make/model firearm within a short period of time is an indicator of firearms trafficking.

12.     I conducted a query into all firearms registered to Gillespie. Under Michigan Compiled Law 28.422a, the failure to register a pistol is a misdemeanor. As a result, I utilized Michigan's Law Enforcement Intelligence Network (LEIN) in order to verify Gillespie had registered the pistols that he purchased as identified in the chart above. LEIN is a tool utilized by law enforcement to review driving records, criminal history, and other sensitive information. Included in LEIN is a state firearm database that shows registered firearms, as well as firearms reported as "lost" or "stolen."

13.     LEIN records indicated that Gillespie had only registered the three pistols that he purchased in June. The other 12 pistols that Gillespie purchased in June were not registered to him. Based on my training and experience, I know that people engaged in firearms trafficking often do not register firearms in their name.

14.     Additional query results from LEIN indicated that none of the three registered

5

pistols were reported as "lost" or "stolen." If Gillespie were to report a firearm as "lost" or "stolen," the police department in which Gillespie made the report would use LEIN to enter the firearm information as "lost" or "stolen" in the event that the firearm is recovered in the future.

15. When conducting additional investigation into Gillespie's firearms, I discovered three firearms have already been recovered by police and were possessed by, or in the vicinity of, different individuals, rather than Gillespie. Two of the firearms were registered to Gillespie and not reported "lost" or "stolen" in LEIN.

16. The first recovered firearm is a Smith & Wesson, model SD9VE, semi-automatic pistol, bearing serial number FZZ7326, which was purchased by Gillespie on June 5, 2020. Gillespie completed a Form 4473 in which he certified that he was the actual buyer of the firearm, that he knew the repetitive purchase of firearms for the purpose of resale for livelihood and profit without a Federal firearms license is a violation of Federal law, and that he resided 3109 Miller Road, Flint, MI 48503. On July 6, 2020, this firearm was recovered by the Burton Police Department during an arrest of Ronde Tray Chambers (XX-XX-1996). Chambers was pulled over by the Burton Police Department for various vehicle violations. Subsequent investigation led to Burton Police Officers locating this firearm in Chambers' vehicle, and arresting Chambers for weapons charges. In total, there were 31 days from the time that Gillespie purchased the firearm until the time that it was recovered with

Chambers.

17. The next recovered firearm was also purchased on June 5, 2020. This firearm was listed on the same ATF Form 4473, due to both firearms being purchased at the same time. Additionally, this firearm was another Smith & Wesson, model SD9VE, pistol, bearing serial number FBD6014. This firearm was recovered during an arrest made by Troopers from the MSP Flint Post. According to the MSP report, on September 26, 2020, Montrae Deiris King (XX-XX-2002) was pulled over for various vehicle violations. Subsequent investigation revealed this firearm was located in a lockbox on the front-passenger floor. Though there were other occupants in the vehicle, Gillespie was not an occupant of the vehicle. When interviewing King and the other occupants at the time of the traffic stop, the MSP report noted that all of them denied knowing Gillespie. In total, there were 113 days from the time that Gillespie purchased the firearm until the time that it was recovered in King's car.

18. The third recovered firearm was purchased by Gillespie on July 2, 2020. Prior to completing the purchase of this firearm, Gillespie completed the ATF form 4473 in which he stated that he was the actual buyer of the firearm, and that he resided 3109 Miller Road, Flint, MI 48503. The purchased firearm was a Zaviar Arms, model Z-15, rifle, bearing serial number: Z200891. This firearm was recovered by the Flint Police Department on July 30, 2020. On that date, Flint Police Department Officers were notified of numerous complaints regarding a large crowd in which

7

those in attendance were gambling and selling drugs at a playground. As a result, FPD officers responded and located the crowd. FPD officers made contact with one member, Dominic Tralon White (XX-XX-91) who stated the gathering was for his birthday. FPD officers then located a black bag near White. In the bag officers found a Zaviar Arms, model Z-15 rifle. White denied knowledge of the rifle, and was unsure who brought it. In total, there were 28 days from the time that Gillespie purchased the firearm until the time that police recovered it in the bag near White.

19. Based on my training and experience, "time-to-crime" is the amount of time between the retail sale of a firearm by a federal firearms licensee (FFL) and its recovery by law enforcement after the firearm was used in an alleged crime. Based on my training and discussions with other ATF personnel, a "time-to-crime" of less than 3 years is a potential indicator of illegal firearms trafficking. I know that firearms have lasting value and that most firearm enthusiasts and collectors hold on to them for long periods of time. Therefore, when a firearm is purchased from a federally licensed firearms dealer and is recovered shortly thereafter from somebody other than the person who is recorded as the purchaser, there is a higher likelihood that the firearm was transferred to a prohibited person or purchased in order to facilitate a crime.

20. As noted above, the firearm from paragraph 18 had a "time-to-crime" of 28 days. The firearm from paragraph 16 had a "time-to-crime" of 31 days. Finally, the

firearm in paragraph 17 had a "time-to-crime" of 113 days. I am aware that these short time-to-crimes are an indicator of unlawful firearms trafficking.

21.  I have reviewed all of the ATF Forms 4473 which Gillespie completed with respect to his firearms purchases in June and July 2020. On all of the forms, Gillespie provided the address 3109 Miller Road, Flint, MI 48503 as his residence. He also certified that he is the actual transferee/buyer of all of the firearms.

22.  On November 30, 2020, MSP Trooper Monroe and I went to address of 3109 Miller Road, Flint, MI 48503 to speak with Gillespie regarding this investigation. Upon arrival, Trooper Monroe and I made contact with Gillespie's mother, Sheila Lipkins. Lipkins confirmed she is the homeowner, and stated Gillespie does not live at the address. Lipkins stated that she did not know Gillespie's phone number. Lipkins said Gillespie will come to the Miller Road residence, "randomly," and never stays long. Lipkins then said she will attempt to contact Gillespie to inform him of our visit. I left my contact information with Lipkins for her to provide to Gillespie.

23.  On December 1, 2020, I received a phone call from Gillespie. Gillespie was made aware of our visit to his mother's residence. I told Gillespie I wished to speak with him regarding a firearm that was recovered, and Gillespie agreed to speak with me. Gillespie, however, couldn't speak at the time because he was working at a

restaurant located in Swartz Creek. As a result, I asked Gillespie if we could meet prior to his shift the following day, December 2, 2020; Gillespie also agreed to this. I told Gillespie to meet in the parking lot of the restaurant so he could go to work right after our interview. He again agreed to the interview.

24. On December 2, 2020, MSP Trooper Monroe and I met with Gillespie in the restaurant parking lot. Prior to the interview starting, I invited Gillespie into our vehicle and he agreed. I then told Gillespie he was not under arrest and was free to leave at any time. Gillespie stated he understood, and again agreed to be interviewed.

25. During the interview, I told Gillespie three firearms he purchased have been recovered in crimes within the Flint, Michigan area. I also told him all three firearms were possessed by different people. When asked about this, Gillespie denied this and said he has all the firearms he has ever purchased. I then asked Gillespie if he is selling firearms. He denied selling firearms, and repeated that he still had all firearms he has purchased. When asked where all his firearms were located, Gillespie responded saying the firearms are at his mother's residence of 3109 Miller Road, Flint, MI 48503. Gillespie added all the firearms are secured in the detached garage, in a safe, and on top of a shelf.

26. I asked Gillespie if he resides at 3109 Miller Road, Flint, MI 48503. Gillespie said he is, "house-hopping," and stays at different homes. Gillespie stated he has

been doing this since May 2020, but has mail go to 3109 Miller Road, Flint, MI 48503. He did not inform me where he is currently residing.

27.     I then asked Gillespie if he would show me the firearms to verify he still has them. Gillespie stated he would. Gillespie though, said he would need to get permission from his mother since she is the homeowner. As a result, I asked Gillespie if he would call his mother, on speaker phone, to ask if we could verify the location of the firearms. Gillespie complied with my request.

28.     Gillespie then called Lipkins to inform her of the situation. During this phone call, I noted Lipkins sounded very confused when Gillespie told her about the firearms in her garage. Lipkins, though, gave verbal permission for us to go to her residence to look at the firearms.

29.     Following this phone call, I told Gillespie we would follow him to 3109 Miller Road, Flint, MI 48503. Gillespie, rather, refused to drive in front of us. Gillespie stated he would follow Trooper Monroe and me to Lipkins's home.

30.     Upon arrival to 3109 Miller Road, Flint, MI 48503, Trooper Monroe and I pulled into the driveway. As we did this, I observed Gillespie accelerate at a high rate of speed away and continue eastbound on Miller Road. We did not pursue Gillespie at that time.

31.     Trooper Monroe and I made contact with Gilelespie's mother, Sheila Lipkins.

At that time, Lipkins confirmed she is the homeowner of 3109 Miller Road, Flint, MI 48503. She also confirmed again that Gillespie is her son, and has not lived at this residence since the approximately the summer of 2019. Additionally, Lipkins said Gillespie does not have any belongings at the home, nor has she ever seen firearms at her home. Lipkins then provided verbal consent for Trooper Monroe and me to search the garage (where Gillespie stated the firearms were stored). No firearms were located. Further, there was no safe, nor a shelf in the garage, contrary to what Gillespie stated.

32. Lipkins was then asked where Gillespie resides, and she responded that she didn't know, and she repeated that he does not live at 3109 Miller Road, Flint, MI 48503.

33. When I interviewed Gillespie prior to going to 3109 Miller Rd, Gillespie stated that all of his firearms were in the garage at 3109 Miller Road. Based on his mother's statement, my search of the garage, and Gillespie's own actions specifically, accelerating away from the house and not meeting us there, I believe Gillespie willfully made a false statement and he knew his statement was false and he knew his conduct was unlawful. Gillespie made this statement during the course of an ATF criminal investigation into firearms trafficking. Gillespie's statement pertained to an important part of my investigation.

## CONCLUSION

34.     Based upon all of this information, there is probable cause that between June 5, 2020 and July 20, 2020, Deangelo Montel Gillespie knowingly made false statements (falsely claiming to reside at 3109 Miller Road, Flint, MI 48503) on ATF Form 4473 in connection with the purchase of eighteen firearms, in violation of Title 18 U.S.C. § 924(a)(1)(a).  There is probable cause that on June 5, 2020 and June 17, 2020, Gillespie knowingly made false statements (falsely claiming to be the actual purchaser of the firearms) on ATF Form 4473 in connection with the purchase of three firearms, in violation of Title 18 U.S.C. § 924(a)(1)(a). There is also probable cause that Deangelo Montel Gillespie knowingly and willfully made a material false statement (that he kept all the firearms in the garage at 3109 Miller Road Flint, Michigan) during the course of the ATF investigation in violation of 18 U.S.C. § 1001.

                                        Respectfully submitted,

                                        _____
                                        Nathan Sutara
                                        Special Agent, ATF

Sworn to before me and signed in my presence and/or by reliable electronic means on December 15, 2020.

_____
Hon. Curtis Ivy, Jr.
United States Magistrate Judge

13